IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KIMBERLY YORDY,

                Plaintiff,

      v.

PLIMUS, INC.,

                Defendant.

NO. C12-0229 TEH

ORDER ON MOTION TO DISMISS

This matter comes before the Court on Defendant's motion to dismiss, heard by this Court on June 11, 2012. For the reasons set forth below, the motion is hereby GRANTED IN PART and DENIED IN PART.

**BACKGROUND**

Defendant Plimus, Inc. ("Defendant" or "Plimus") is an online business which provides payment processing and other services for online retailers. Plaintiff Kimberly Yordy ("Plaintiff" or "Yordy") alleges that Defendant Plimus worked with third parties, known as the "Unlimited Download Websites" or "UDWs" to promote, facilitate and thereby profit from the sales of membership to these sites. The UDWs offer unlimited downloads of digital goods, such as books, movies, television programs, and video games, in exchange for the consumer paying a one-time membership fee. Plaintiff further alleges that Plimus provides marketing assistance to the UDWs in the form of Affiliate Managers and Account Managers, who are assigned to each UDW (an "affiliate") and tasked with providing assistance with marketing strategies, creation of online advertisements and on-site representations, and assisting in promotion of the site. Plimus denies these allegations, and asserts that it is only the payment processor for thousands of online merchants, and has no role in the creation of advertisements, as Plaintiff alleges.

The incident giving rise to this complaint began with Plaintiff Yordy clicking on an advertisement for TheNovelNetwork.com, which she alleges promised unlimited downloads of best-selling books in "eBook" form. She paid $49.99 to Plimus, and was given access to the site only to discover that it did not, in fact, have digital books available to download, but, rather, had only links to books that were already available elsewhere on the internet for free.

Plaintiff's complaint alleges that TheNovelNetwork.com is one of many UDWs utilizing the same marketing scheme, which, Plaintiff alleges, Plimus ultimately created and influences through the work of its Managers. Plaintiff therefore brings claims on behalf of herself and all others similarly situated–who paid a fee to Plimus to access UDWs–for violations of California's False Advertising Law[1], California Business and Processions Code sections17500 *et seq.* ("FAL"), Consumers Legal Remedies Act[2], California Civil Code sections 1750, *et seq*. ("CLRA"), and Unfair Competition Law[3], California Business and Professions Code sections 17200 *et seq*. ("UCL"), as well as fraud in the inducement, fraud

---

[1] The FAL makes it "unlawful for any person, firm, corporation or association...to induce the public to enter into any obligation" through the use of any untrue or misleading statement "which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. C. Section 17500. To state a claim under this section, a plaintiff must allege (I) that a defendant made or disseminated untrue or misleading statements, (ii) that they were likely to deceive a reasonable consumer, (iii) in an effort to induce that consumer to enter into an obligation that they would not have agreed to absent such untrue or misleading statements. *Mazza v. American Honda Motor Co.*, 254 F.R.D. 610 (C.D. Cal. 2008).

[2] The CLRA prohibits "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale...of goods or services to any consumer." Cal. Civ. C. Section 1770. The specific methods of unfair competition are outlined in section 1770 of the act, and are numerous. However, in this case, the relevant provisions are found in Cal. Civ. C. Section 1770(a)(2) ("Misrepresenting the source, sponsorship, approval, or certification of goods or services"), 1770(a)(3) ("Misrepresenting the affiliation, connection, or association with, or certification by, another"), and 1770(a)(9) ("Advertising goods or services with intent not to sell them as advertised").

[3] The UCL prohibits unfair competition, which it defines as "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. C. Section 17200 *et seq*. "Unlawful" and "fraudulent" are given their ordinary meanings, and an "unfair" business practice is determined using the "Section 5 Test", from Section 5 of the Federal Trade Commission Act, which requires an analysis of whether (I) there exists substantial consumer injury, (ii) the injury is not outweighed by countervailing benefits to consumers or competition, and (iii) the injury was not reasonably avoidable by the consumer. *Camacho v. Auto. Club of So. Cal.*, 142 Cal. App. 4th 1294, 1403 (Cal. Ct. App. 2006).

2

by omission, negligent misrepresentation, breach of contract, and, in the alternative, unjust enrichment. Defendant Plimus now moves to dismiss all claims.

**LEGAL STANDARD**

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) when a plaintiff's allegations fail "to state a claim upon which relief can be granted." In ruling on a motion to dismiss, the Court must "accept all material allegations of fact as true and construe the complaint in a light most favorable to the non-moving party." *Vasquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007). Courts are not, however, "bound to accept as true a legal conclusion couched as a factual allegation."*Ashcroft v. Iqbal*, – U.S. –, 129 S. Ct. 1937, 1949-50 (2009). Rather, it "will examine whether conclusory allegations follow from the description of facts as alleged." *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir.1992) (citation omitted). Dismissal for failure to state a claim under Rule 12(b)(6) "is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir.2008).

Under Federal Rule of Civil Procedure 8(a), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face" with sufficient specificity to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545, 570 (2007). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Claims sounding in fraud are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). For claims of fraud, a plaintiff "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that

3

they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). Therefore, claims sounding in fraud must allege "the account of the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). This heightened pleading requirement does not apply to a defendant's mental state: knowledge and intent need only be alleged generally to state a valid claim for fraud. *See* Fed. R. Civ. Pro. 9(b) ("Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.")

Leave to amend, under Federal Rule of Civil Procedure 15(a)(2), should be given "freely...when justice so requires," as "the underlying purpose of Rule 15 [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127, 1140 (9th Cir. 2000) (internal quotation marks and alterations omitted). Even where "no request to amend the pleading was made," a court should grant leave to amend "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id*. at 1127 (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Generally, the only circumstances under which leave to amend should be denied are where amendment would unduly prejudice the opposing party, where amendment would cause undue delay or be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

In ruling on a motion to dismiss, the Court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted). The court may consider judicially noticeable court records to determine the preclusive effect of prior decisions without converting a motion to dismiss to a motion for summary judgment. *See, e.g.*, *Shaw v. Hahn*, 56 F.3d 1128 at 1129 n.1 (9th Cir. 1995).

4

**DISCUSSION**

Defendant moves to dismiss Plaintiff's claims under the FAL, CLRA and UCL for failure to meet the heightened pleading requirements of Rule 9(b), lack of standing, and insufficient particularity of the allegations. Defendant further moves to dismiss Plaintiff's claims for fraud and negligent misrepresentation for lack of specificity, and to dismiss Plaintiff's breach of contract action for failure to state a claim. Finally, Defendant moves to dismiss Plaintiff's unjust enrichment claim on the grounds that unjust enrichment is not a separate cause of action in California.

*1. Rule 9(b) Heightened Pleading*

As detailed above, Rule 9(b) applies heightened pleading requirements to claims sounding in fraud. Defendant asserts that Plaintiff's claims under the FAL, CLRA, UCL and the fraud and negligent misrepresentation claims all fail to meet the heightened standard. However, Plaintiff's complaint, in paragraphs 53 through 58, clearly alleges the who, what, where, when, why and how of the facts underlying the fraud.

The complaint alleges that in or around July of 2011, Plaintiff viewed advertising materials produced by Plimus, which misrepresented the nature of the affiliated UDWs (specifically, TheNovelNetwork.com) and promoted the sites as offering unlimited downloads of popular media (eBooks which are detailed in the complaint, including *Harry Potter, Girl With The Dragon Tattoo*, etc.) which were not, in fact, available through the site–the site to which the Plaintiff was given access contained only books already available for free, and did not, in fact, have downloadable free versions of the books pictured in the advertisement.

Plaintiff has alleged "the account of the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentations" as required by *Swartz*, 476 F.3d at 764. These allegations are "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen*,

5

780 F.2d at 731. Defendant's arguments regarding Rule 9(b), therefore, are insufficient to warrant dismissal of the claims.

*2. Standing*

Plaintiff Yordy seeks to bring claims on behalf of herself and all persons in the United States who paid a fee through Plimus to access any of the Unlimited Download Websites. Defendant challenges Plaintiff's standing to bring suit on behalf of those who visited websites other than TheNovelNetwork.com, arguing that Plaintiff only purchased TheNovelNetwork.com membership, and therefore cannot bring claims based on the advertisements of other UDWs. Plaintiff responds that, as the advertisements for all UDWs are substantially identical, and as Plimus, the sole defendant in this action, was responsible for the creation of the entire body of UDW advertising, she has standing to bring suit both on her own behalf and on behalf of all others similarly situated. Defendant correctly argues that, under this Court's ruling in *Arevalo v. Bank of America Corp.,* constitutional standing is a jurisdictional question that can be raised at any time during the litigation and cannot be waived. No. 10-4959, 2011 WL 1195973 at *3 (N.D. Cal. Mar. 29, 2011). Therefore, the Court will consider Defendant's argument on the matter of standing.

Constitutional standing requires a plaintiff to demonstrate an actual, personal injury in fact that is fairly traceable to the challenged actions of the defendant and likely to be redressed by a decision in the plaintiff's favor. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). It is "the threshold question in every federal case, determining the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). In class actions, questions of standing do not generally defer until the class certification stage. *LaDuke v. Nelson*, 762 F.2d 1318, 1325 (9th Cir. 1985). Named plaintiffs "must allege and show that they personally have been injured, not that the injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." *Warth*, 422 U.S. at 502, 95 S.Ct. 2197. To establish standing as a class representative for a misrepresentation claim under the

FAL, CLRA, or UCL, "a plaintiff must show he personally lost money or property because of his own actual and reasonable reliance on the allegedly untrue or misleading statements." *Woods v. Google Inc.*, No. 11-CV-1263, 2011 WL 3501403, at *8 (N.D. Cal. Aug. 10, 2011); *Williamson v. Reinalt-Thomas Corp.*, No. 11-CV-03548, 2012 WL 1438812, at *8 (N.D. Cal. April 25, 2012).

Defendants urge the Court to find that in this case, like in *Arevalo*, the differences between the claims of Plaintiff Yordy and the claims of other users, who purchased the products offered by UDWs other than TheNovelNetwork.com, are simply too great to allow Yordy standing to sue on behalf of all. However, *Arevalo* involved plaintiffs whose only similarity with the class members they sought to represent was that both were enrolled in the same credit protection program–the nature of how they came to be so enrolled, and the type of harm they consequently claimed to suffer shared no similarity at all. *Arevalo*, 2011 WL 1195973 at *5. This case bears far more similarity to *Brazil v. Dell Inc.*, No. 07-1700, 2008 WL 4912050 at *5 (N.D. Cal. Nov. 14, 2008). In *Arevalo*, this Court differentiated the situation of the *Arevalo* plaintiffs from that of the plaintiffs in *Brazil*, who had purchased two computer models but were found to have standing to assert claims on behalf of class members who purchased computers across the product line and alleged different kinds of harms. *Arevalo*, 2011 WL 1195973 at *3. While the *Brazil* plaintiffs alleged similar harm arising from the purchase of products across a product line produced by the defendant entity, the *Arevalo* plaintiffs shared no such similarity. On this basis, the Court differentiated *Arevalo* and found no standing. *Arevalo*, 2011 WL 1195973 at *5.

Here, the situation is far more similar to *Brazil* than to *Arevalo*. In this case, while Plaintiff does not allege she lost money or property as a result of actual reliance on the representations of any UDWs other than TheNovelNetwork.com, the question is not whether she has standing to sue those UDWs on whose claims she did not rely. Rather, she seeks to bring her claims against Plimus, for its role in creating and disseminating these advertisements for all the UDWs, which she alleges were uniform in their creation and in their falsity. Plaintiff has alleged a uniform exertion of control on the part of Plimus over the

7

1 misleading statements issued by all its affiliate retailers, the UDWs, and therefore has
2 demonstrated an actual, personal injury in fact that is fairly traceable to the challenged
3 actions of Defendant, and is likely to be redressed by a decision in Plaintiff's favor.

4 Furthermore, with respect to standing specific to the FAL, CLRA, and UCL claims, the complaint clearly alleges actual reliance on false statements–the purchase of the membership, as detailed in paragraphs 53-58 of the complaint, constitutes an allegation of reliance, and the misstatements are attributed to Plimus (rather than to the individual UDWs in paragraphs 4, 12, 13, 16, 22, 30, 34 and 39 of the complaint. Because the complaint alleges a number of statements were misleading, and attributes those statements to Plimus, and further alleges reliance on some of those statements and actual loss of money arising therefrom, Plaintiff has standing to bring her claims under the FAL, CLRA, and UCL.

*3. Particularity*

Defendant argues that the complaint fails to allege, with sufficient particularity, Plimus's role in creating or controlling the allegedly false or misleading statements. "A defendant's liability must be based on his personal participation in the unlawful practices and unbridled control over the practices that are found to violate section 17200 or 17500." *Emery v. Visa Int'l Serv. Assn., et al.*, 95 Cal. App. 4th 952, 960 (Cal. Ct. App. 2002) (internal quotations omitted). The same principle barring vicarious liability under the CLRA is found in *In re Jamster Marketing Litigation*, No. 05-CV-0819, 20098 WL 1456632 at *9 (S.D. Cal. May 22, 2009). Defendant argues that the complaint has failed to allege sufficient control by Plimus to meet the standard articulated in these cases.

However, the complaint extensively alleges Plimus's control. Specifically, the complaint alleges, in paragraph 12, that Plimus's employees – the Affiliate Managers – work directly with the retailers to make recommendations about marketing offers, design marketing materials, etc. It alleges, in paragraph 22, that Plimus creates fake testimonials advertising the UDWs. It alleges, in paragraph 30, that Plimus Account Managers actually modify the representations made on the UDWs. These are only a few examples of the

8

numerous allegations of control found in the complaint. The complaint, on its face, meets the particularity standard regarding Plimus's control over the allegedly misleading materials.

*4. Fraud Claims & Negligent Misrepresentation*

To state a cause of action for fraud in California, a plaintiff must allege "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'), (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Engalla v. Permanente Med. Group, Inc.*, 15 Cal.4th 951, 974 (1997). The elements of a claim of negligent misrepresentation are identical to those for fraud, with the exception of the scienter element: the defendant need not know the representation was false, merely lack reasonable grounds to believe the misrepresentation was true. *B.L.M. v. Sabo & Deitsch*, 55 Cal. App. 4th 823, 834 (Cal. Ct. App. 1997).

Fraud by omission is held to a slightly lesser standard than fraud involving affirmative misrepresentation. *Falk v. Gen. Motors Corp.*, 496 F.Supp.2d 1088, 1099 (N.D. Cal. 2007). The circumstances where nondisclosure or concealment may constitute actionable fraud under California law are (1) where there is a fiduciary relationship between plaintiff and defendant, (2) where defendant has exclusive knowledge of material facts not known to the plaintiff, (3) where the defendant actively conceals a material fact from the plaintiff and (4) where the defendant makes partial representations but also suppresses some material facts. *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 336 (Cal. Ct. App. 1997).

Here, Defendant complains of conclusory allegations in the place of specific facts, but the complaint does not match Defendant's description . The complaint alleges, in paragraphs 97-110, that Plimus knowingly made material misrepresentations regarding the true nature and contents of the UDWs, with intent to induce the reliance of consumers and thereby make a sale. The affirmative misrepresentation which Defendant argues is not alleged is, in fact, inherent in the juxtaposition of popular books and movies alongside the advertisements for sites that did not offer these products, a juxtaposition dictated by the code Plaintiff alleges Plimus wrote and provided to the UDWs. The complaint specifies, in paragraphs 97, 99-

9

1 100, 113-114, 116 and 120-122, that the representations were as to the true meaning of
2 "unlimited" access to digital goods, when the goods represented (by the advertisements
3 Plimus contributed to the UDWs) would not be the goods provided by the UDWs.

4 Furthermore, Plaintiff alleges the materiality of the misrepresentations, nondisclosures
5 and concealment alleged in paragraphs 103, 107-109, 117, and 124-125. The complaint has
6 adequately plead each of the elements of each of the fraud claims, with the level of
7 specificity required by Rule 9(b) (as detailed above).

*5. Breach Of Contract*

Defendant argues that Plaintiff has failed to allege, with specificity, the contract and contractual term breached by Plimus. To state a cause of action for breach of contract, Plaintiff must allege (1) the contract, (2) the plaintiff's performance of the contract or excuse for nonperformance, (3) the defendant's breach, and (4) resulting damages. *Walsh v. W. Valley Mission Cmty. Coll. Dist*., 66 Cal.App.4th 1532, 78 (Cal. Ct. App. 1998). Here, the contract alleged by Plaintiff is the sales contract she entered into with Plimus, when she paid $49.99 for access to TheNovelNetwork.com, and the identical contract entered into by any other consumer who arrived at the Plimus payment page and agreed to purchase "[UDW URL] Unlimited Lifetime Membership (including all downloads)" followed by the total price. First Amended Complaint, paragraphs 127-128. By specifying the retail sales contract, the specific term, her own performance and the performance of the class she seeks to represent, and the loss of the sum of money paid for the UDW access, Plaintiff has sufficiently stated a claim for breach of contract.

*6. Unjust Enrichment*

Plaintiff seeks to bring a claim for unjust enrichment in the alternative to her breach of contract claim. Defendant argues that California does not recognize unjust enrichment as stand-alone cause of action. It cites this Court's holding in *Arevalo*, 2011 WL 1195973 at *14, for the proposition that unjust enrichment cannot be brought as an individual cause of

10

action, and that, where a plaintiff's CLRA, UCL, and FAL claims seek restitution as a remedy, to allow unjust enrichment would be duplicative. The Court agrees with its former holding, and the motion to dismiss this cause of action is GRANTED. The claim for unjust enrichment is DISMISSED WITH PREJUDICE.

**CONCLUSION**

For the reasons detailed above, the motion to dismiss is GRANTED as to the claim for unjust enrichment, which is DISMISSED WITH PREJUDICE. As to all other claims, the motion to dismiss is DENIED.

At the hearing held on this motion on June 11, 2012, the parties raised the issue of discovery commencement, as described in their joint filing of April 23, 2012 in anticipation of the case management conference originally scheduled for April 30, 2012. With regards to fact discovery, on both class issues and merits issues, it shall commence upon the filing of Defendant's answer, which shall be filed no more than 14 days following the issuance of this Order, pursuant to Federal Rule of Civil Procedure 12(a)(4)(A). The duration of the discovery period shall be discussed and determined at the next case management conference, which shall be held in Courtroom 12 of the U.S. District Court in San Francisco at 1:30 pm on **July 23, 2012.** Parties are reminded to file a joint case management statement on or before **July 16th, 2012**, seven days prior to the scheduled case management conference.

**IT IS SO ORDERED.**

Dated: 6/14/12

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT