# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

300 North LaSalle
Chicago, Illinois 60654

| | | |
|---|---|---|
| Jordan M. Heinz<br>To Call Writer Directly:<br>(312) 862-7027<br>jordan.heinz@kirkland.com | (312) 862-2000<br>www.kirkland.com | Facsimile:<br>(312) 862-2200 |

October 3, 2012

**VIA ECF FILING**

Hon. Joseph C. Spero
U.S. District Court, N.D. of California
San Francisco Courthouse, 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re: *Yordy v. Plimus, Inc.*, Case No. 12-cv-00229 (N.D. Cal.) (JCS)

Dear Judge Spero:

Pursuant to this Court's Notice of Reference and Order Re: Discovery Procedures ("the Court's Order") in the above-reference Action, Defendant Plimus writes to inform the Court of a discovery dispute related to certain of Plaintiff Kimberly Yordy's ("Plaintiff") interrogatory responses. Despite a meet and confer between the parties on Thursday, September 20 and Plaintiff's subsequent supplements to her interrogatory responses, the parties are at an impasse regarding the sufficiency of Plaintiff's interrogatory responses and whether Plaintiff's claims of privilege over the factual bases of the allegations contained in Plaintiff's Complaint are proper. Although Plimus attempted to work with Plaintiff to jointly draft this letter to the Court, Plaintiff has refused to participate, as discussed below. Accordingly, Plimus independently submits this letter detailing its position to the Court.

1.   **Background**

In its First Set of Interrogatories to Plaintiff, Plimus served seven contention interrogatories seeking the factual bases for various allegations made by Plaintiff in her Complaint, which alleges that Plimus is responsible for various false advertising claims appearing on 33 third-party websites. Each of these allegations accuses Plimus of drafting and controlling these third-party websites that allegedly contain false information. Because Plimus only processed online payments for these third parties, Plimus served contention interrogatories requesting the factual bases underlying Plaintiff's allegations. However, Plaintiff's responses provide no support for the allegations at issue, and either provide non-responsive factual information or no factual information at all. In response to Interrogatory Nos. 1-3 and 7, Plaintiff provided an identical response to each interrogatory:

KIRKLAND & ELLIS LLP

Hon. Joseph C. Spero
October 3, 2012
Page 2

> Subject to and without waiving these objections, Plaintiff states that the above allegation is based on her personal experience navigating to the NovelNetwork.com webpage from an online advertisement promoting the site. Thereafter, Plaintiff viewed the representations made on the Novel Network webpage and was directed to a webpage displaying the Plimus logo where she was instructed to and did, in fact, input her personal contact and payment information to obtain a membership to the Novel Network. Finally, Plaintiff believes she received an e-mail from Plimus confirming her payment.

*See* Exhibit A, Pl.'s Resp. to Def.'s First Set Interrogs., at Interrog. No. 1-3, 7.[1] In response to Interrogatory Nos. 4-6, Plaintiff provided no substantive response, relying instead on claims of attorney-client privilege, attorney work product and an objection that responsive information is within Plimus's possession, custody or control. *See* Exhibit A, at Interrogs. 4-6.

The parties exchanged letters detailing Plimus's concerns with Plaintiff's deficient and nonresponsive interrogatory responses and Plaintiff's claim that the facts underlying the allegations in the Complaint are protected by the attorney-client privilege and the attorney work product doctrine. *See* Exhibit B, 8/31/2012 J. Heinz Letter to C. Dore; Exhibit C, 9/18/2012 B. Richman Letter to J. Heinz, at 2-3. The parties then met and conferred on September 20, at which time counsel for Plimus informed Plaintiff that her claims of attorney-client privilege and the attorney work product doctrine are baseless, and Plaintiff's counsel represented that they would supplement their interrogatory responses to contain additional factual information.

When Plaintiff served her supplemental responses on September 27, however, she provided no additional factual information, and instead only supplemented her responses with an additional objection based on attorney-client privilege and the attorney work product doctrine and a statement that Plaintiff does not have personal knowledge of any information responsive to the interrogatories. *See* Exhibit D, Pl.'s Supp. Resp. to Def.'s First Set Interrogs., at Interrog. Nos. 1-7. Counsel for Plimus notified counsel for Plaintiff that it continued to find the responses deficient, and notified Plaintiff of its intention to file this letter with the Court. Plimus provided Plaintiff with its draft letter on Tuesday, October 2, and requested that Plaintiff provide its portion of the joint letter by 4:00pm CST on Wednesday, October 3, so the letter could be timely filed with the Court that same day. *See* Exhibit E, 10/1/2012-10/3/2012 Email Correspondence between J. Heinz and B. Richman. After seeing Plimus's draft letter to the Court, Plaintiff refused to provide her portion of the joint letter, and demanded that the parties again meet and

---

[1] Plaintiff additionally provided citation to several documents, which are nothing more than screen captures of the relevant websites and provide no information responsive to Plimus's interrogatory.

**KIRKLAND & ELLIS LLP**

Hon. Joseph C. Spero
October 3, 2012
Page 3

confer to discuss the dispute. *Id.* at 10/2/2012 Email from B. Richman to J. Heinz. Plimus informed Plaintiff that because she had not supplemented her interrogatory responses with additional factual information — as her counsel had represented she would do during the September 20 meet and confer — and Plimus's position on the issue was unchanged from the September 20 meet and confer, Plimus saw no need for an additional meet and confer unless Plaintiff confirmed that she would withdraw her privilege objections and provide Plimus with additional factual information responsive to the interrogatories. *Id.* at 10/2/2012 Email from J. Heinz to B. Richman. Plaintiff would not confirm that her position had changed, leaving Plimus with no choice but to independently file this letter with the Court. *Id.* at 10/3/2012 Email from B. Richman to J. Heinz.

2. **Defendant Plimus's Position**

Plaintiff's responses are nonresponsive to Plimus's interrogatories, and Plaintiff is improperly withholding important factual information to which Plimus is entitled.

*First*, Plaintiff's responses to Interrogatory Nos. 1-7 are nonresponsive. Plaintiff's responses to Interrogatory Nos. 1-3 and 7 do not address Plimus's involvement in the creation or distribution of the advertisements at issue, nor do they address Plaintiff's allegations that Plimus was involved in the creation or distribution of advertisements on websites other than TheNovelNetwork.com. Plaintiff's responses simply state that she visited TheNovelNetwork.com, but make no mention of Plimus's involvement in that third-party website. *Compare* Exhibit A, at Pl.'s Resp. to Interrog. Nos. 1-3, 7 (providing information limited to The Novel Network) *with* Dkt. No. 32, at ¶ 10 (listing thirty-three websites in which Plimus allegedly had direct involvement). Additionally, Plaintiff provided no factual information at all in response to Interrogatory Nos. 4-6.

*Second*, Plaintiff cannot refuse to provide the factual bases of the allegations in her Complaint based on claims of privilege. The attorney-client privilege and work-product doctrine only protect an attorney's mental thoughts and impressions, not the underlying facts. *See, e.g., Hamilton v. Radio Shack Corp.*, 2012 WL 2327191, at *3 (N.D. Cal. June 18, 2012) (holding that where defendant served contention interrogatories seeking the facts that supported plaintiff's claims and plaintiff refused to answer on bases of attorney work product and attorney-client privilege that under the plain language of FED. R. CIV. P. 26 "the scope of the attorney work product doctrine [extends only to] documents and tangible things, not the underlying facts. Nor do the facts regarding the alleged complaint reveal anything about counsel's litigation strategy other than the undisputed fact that they contacted complainants to learn more about [defendant and defendant's employees]"); *So. California Housing Rights Ctr. v. Los Feliz Towers Homeowners Ass'n*, 2005 WL 3954720, at *4 (C.D. Cal. April 25, 2005) (holding that "[t]he

KIRKLAND & ELLIS LLP

Hon. Joseph C. Spero
October 3, 2012
Page 4

attorney-client privilege only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney. Thus, factual information underlying plaintiffs' claims or information not involving counsel's advice must be disclosed"). Importantly, Plimus does not seek production of documents reflecting Plaintiff's counsel's thoughts or mental impressions. Rather, Plimus seeks disclosure of the *facts* underlying the allegations in the Complaint. Plaintiff cannot use the privilege as a sword and a shield, claiming privilege over relevant facts during discovery, depriving Plimus the opportunity to take discovery regarding those facts, and then waiving the privilege at summary judgment or at trial in order to meet her burden of proving her claims of false advertising.

Plaintiff must have a factual basis for her allegations under Rule 11. Accordingly, Plimus seeks an order from this Court ordering Plaintiff to supplement her interrogatory responses to include all relevant factual information to which Plimus is entitled.

Respectfully Submitted,

Jordan M. Heinz
*Counsel for Defendant Plimus*