Nickolas A. Kacprowski (SBN 242684)
nickolas.kacprowski@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California  94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

*Attorney for Defendant Plimus, Inc.*

Rafey S. Balabanian
Benjamin H. Richman
Christopher L. Dore
EDELSON MCGUIRE LLC
350 North LaSalle Street
Suite 1300
Chicago, Illinois 60654
Telephone: (312) 589-6370

*Attorneys for Plaintiff Kimberly Yordy*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| KIMBERLY YORDY, individually and on behalf of all others similarly situated, | CASE NO. 12-CV-00229-TEH (JCS) |
| Plaintiff, | [~~PROPOSED~~] AGREED PROTECTIVE ORDER |
| vs. | |
| PLIMUS, INC., a California corporation, | |
| Defendant. | |

The Court enters the following Protective Order pursuant to Federal Rule of Civil Procedure 26(c)(1).

1. <u>Findings</u>: The Court finds that the parties to this case may request or produce information involving trade secrets, confidential research and development, or other confidential information, the disclosure of which is likely to cause harm to the party producing such information.

2. <u>Definitions</u>:

    a. "Party" means a named party in this case. "Person" means an individual or an entity. "Producer" means a person who produces information via the discovery process in this case. "Recipient" means a person who receives information via the discovery process in this case.

    b. "Confidential" information is information concerning a person's business operations, processes, and technical, or development information, or any other information or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

    c. "Highly Confidential" information is information that is more sensitive or strategic than Confidential information.

    d. Information is not Confidential or Highly Confidential if it is known to the public, was known to the recipient without obligation of confidentiality before the producer disclosed it, or is or becomes known to the recipient by means not constituting a breach of this Order. Information is likewise not Confidential or Highly Confidential if Recipient lawfully obtained it independently of this litigation.

3. <u>Designation of Information as Confidential or Highly Confidential</u>:

    a. A person's designation of information as Confidential or Highly Confidential means that the person believes in good faith, upon reasonable inquiry, that the information qualifies as such.

    b. A person designates information in a document or thing as Confidential or Highly Confidential by clearly and prominently marking it on its face as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." A producer may make documents or things containing Confidential or Highly Confidential information available for inspection and copying without

marking them as confidential without forfeiting a claim of confidentiality, so long as the producer causes copies of the documents or things to be marked as Confidential or Highly Confidential before providing them to the recipient.

      c.     A person designates information in deposition testimony as Confidential or Highly Confidential by stating on the record at the deposition that the information is Confidential or Highly Confidential or by advising the opposing party in writing that the information is Confidential or Highly Confidential following the deposition.

      d.     A person's failure to designate a document, thing, or testimony as Confidential or Highly Confidential does not constitute forfeiture of a claim of confidentiality as to that or any other document, thing, or testimony, except as otherwise contemplated by the Federal Rules of Civil Procedure or other applicable authority.

      e.     A person who has designated information as Confidential or Highly Confidential may withdraw the designation by written notification to all parties in the case.

      f.     If a recipient disputes a producer's designation of information as Confidential or Highly Confidential, the party shall notify the producer in writing of the basis for the dispute, identifying the specific document[s] or thing[s] as to which the designation is disputed, and proposing a new designation for such materials.  The recipient and the producer shall then meet and confer to attempt to resolve the dispute without involvement of the Court.  If they cannot resolve the dispute, the recipient may file a motion with the Court to de-designate the producer's designation.  The producer bears the burden of proving that the information is properly designated as Confidential or Highly Confidential.  The information shall remain subject to the producer's Confidential or Highly Confidential designation until the Court rules on the dispute.  A party's failure to contest a designation of information as Confidential or Highly Confidential is not an admission that the information was properly designated as such.

4.     <u>Use and Disclosure of Confidential and Highly Confidential Information</u>:

      a.     Confidential and Highly Confidential information may only be used in this litigation, subject to the restrictions of this Order.  Confidential and Highly Confidential

information may not be used in any other legal or administrative proceedings or for any other purpose outside of this litigation without the permission of the producer, a Court order requiring such disclosure, or as otherwise contemplated in this Protective Order.

      b.     If a recipient is served with a subpoena, order, or other compulsory process that would compel disclosure of any Confidential or Highly Confidential information, the recipient must so notify the producer of the Confidential or Highly Confidential in writing (by email, if possible) immediately and in no event more than three (3) court days after receiving the subpoena, order, or other compulsory process. Such notification must include a copy of the subpoena, order, or other compulsory process. The recipient also must immediately inform, in writing, the party who caused the subpoena, order, or other compulsory process to issue that the information covered by the subpoena, order, or other compulsory process is the subject of this Protective Order, and deliver a copy of this Protective Order to that party. The purpose of imposing these duties is to alert any interested parties to the existence of this Protective Order and to afford the producer an opportunity to try to protect its Confidential or Highly Confidential interests in the court or other forum from which the subpoena, order, or other compulsory process issued. The producer shall bear its own fees and the expenses of seeking protection in that forum – and nothing in these provisions should be construed as authorizing or encouraging a recipient in this action to disobey a lawful directive from another court or forum.

      c.     Absent written permission from the producer or further order by the Court, the recipient may not disclose Confidential information to any person other than the following: (i) a party's outside counsel of record, including their associates, paralegal, secretarial, and clerical personnel assisting such counsel; (ii) a party's in-house counsel; (iii) a party's officers and employees directly involved in this case whose access to the information is reasonably required to supervise, manage, or participate in this case; (iv) a stenographer and videographer recording testimony concerning the information; (v) subject to the provisions of paragraph 4(d) of this Order, experts and consultants and their staff whom a party employs for purposes of this litigation only; and (vi) the Court and personnel assisting the Court.

      d.      Absent written permission from the producer or further order by the Court, the recipient may not disclose Highly Confidential information to any person other than those identified in paragraph 4(b)(i), (iv), (v), and (vi).

      e.      A party may not disclose Confidential or Highly Confidential information to an expert or consultant pursuant to paragraph 4(b)(v) or 4(c) of this Order until after the expert or consultant has signed an undertaking in the form of Exhibit A to this Order.

      f.      Notwithstanding paragraph 4(a) and (b), a party may disclose Confidential or Highly Confidential information to: (i) any employee or author of the producer; (ii) any person, no longer affiliated with the producer, who authored the information in whole or in part; and (iii) any person who received the information before this case was filed.

      g.      A party who wishes to disclose Confidential or Highly Confidential information to a person not authorized under paragraph 4(b) or 4(c) must first make a reasonable attempt to obtain the producer's permission. If the party is unable to obtain permission, it may move the Court to obtain permission.

5.    <u>Filing with the Court</u>: No document may be filed under seal, *i.e.*, closed to inspection by the public, except pursuant to a Court order that authorizes the sealing of the particular document, or portions thereof. All such requests must conform with Civil L.R. 79-5.

6.    <u>Document Disposal</u>: Upon the conclusion of this case, each party must return to the producer all documents and copies of documents containing the producer's Confidential or Highly Confidential information, and must destroy all notes, memoranda, or other materials derived from or in any way revealing Confidential or Highly Confidential information. Alternatively, if the producer agrees, the party may destroy all documents and copies of documents containing the producer's Confidential or Highly Confidential information. The party returning and/or destroying the producer's Confidential and Highly Confidential information must promptly certify in writing its compliance with the requirements of this paragraph. Notwithstanding the requirements of this paragraph, a party and its counsel may retain one complete set of all documents filed with the Court, remaining subject to all requirements of this Order.

7.  <u>Survival of Obligations</u>:  This Order's obligations regarding Confidential and Highly Confidential information survive the conclusion of this case.

8.  This Protective Order shall not be deemed a waiver of any party's right to use its own documents and its own Confidential or Highly Confidential material in its sole and complete discretion.

9.  Nothing herein shall prevent disclosure beyond the terms of this Protective Order if each party consents to such disclosure in writing, or if the Court orders such disclosure.  Nothing in this Protective Order shall prevent any party from using or disclosing its own documents or information.

10. Nothing in this Protective Order shall be construed to control the use, dissemination, publication, or disposition by any party of the documents or information received by that party outside the course of the discovery process in this litigation, or documents or information which are or become publicly available through means other than disclosure in this litigation.

11. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

IT IS SO ORDERED:

Dated: 11/20/2012

Hon. _____
Judge Thelton E. Henderson