SEAN P. REIS (SBN 184044)
(sreis@edelson.com)
EDELSON MCGUIRE LLP
30021 Tomas Street, Suite 300
Rancho Santa Margarita, California 92688
Telephone: (949) 459-2124
Facsimile: (949) 459-2123

RAFEY S. BALABANIAN (Admitted *Pro Hac Vice*)
rbalabanian@edelson.com
BENJAMIN H. RICHMAN (Admitted *Pro Hac Vice*)
brichman@edelson.com
CHRISTOPHER L. DORE (Admitted *Pro Hac Vice*)
cdore@edelson.com
EDELSON MCGUIRE LLC
350 North LaSalle, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Attorneys for Plaintiff* KIMBERLY YORDY

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| KIMBERLY YORDY, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>PLIMUS, INC., a California corporation,<br><br>*Defendant*. | Case No. 12-cv-00229-TEH<br><br>**PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE PORTIONS OF MOTION TO EXTEND DISCOVERY CUTOFF UNDER SEAL** |

Plaintiff Kimberly Yordy ("Plaintiff"), pursuant to Civil Local Rules 7-11 and 79-5(c), submits this Administrative Motion to File Portions of Motion to Extend Discovery Cutoff Under Seal, and has lodged with the Clerk of the Court both redacted and unredacted copies of that paper. In support of the instant motion, Plaintiff states as follows:

On January 30, 2013, Plaintiff filed an Administrative Motion to Extend the Discovery Cutoff in this matter by sixty (60) days. (Dkt. 73.) On February 11th, the Parties attended a Case Management Conference at which counsel responded to questions from the Court regarding Plaintiff's motion. (Dkt. 76.) The Court thereafter ordered Plaintiff to file a comprehensive discovery motion setting forth arguments in support of her request, as well as her basis for holding the deposition of one of Defendant's corporate officers, located in Israel, in the United States. (Id.) As such, concurrent with this Administrative Motion to Seal, Plaintiff has moved the Court for a modest sixty (60) day discovery period.

As part of Plaintiff's present Motion to Extend the Discovery Cutoff, Plaintiff both attaches and quotes directly from three deposition transcripts of Plimus employees Pirchia Raccah, Christopher Bean, and Mark Hassin. Defendant Plimus designated each of these transcripts as "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order entered in this case. (*See* Declaration of Christopher L. Dore ¶ 3, attached as Exhibit 1); (Dkt. 68.) These deposition transcripts were not available at the time Plaintiff filed her original motion to extend the discovery cutoff, and therefore, that motion did not include excerpts of the depositions, nor did it attach them directly. (Dore Decl. ¶ 4.) In addition, Plaintiff's present Motion quotes from and attaches documents produced by Defendant in discovery that were also marked as "Confidential." (Id. ¶ 5.)

The Protective Order controls the disclosure of documents or information marked "Confidential" or "Highly Confidential." Specifically, the Protective Order states:

> Absent written permission from the producer or further order by the Court, the recipient may not disclose Confidential information to any person other than the following: (i) a party's outside counsel of record, including their associates, paralegal, secretarial, and clerical personnel assisting such counsel; (ii) a party's in-house counsel; (iii) a party's officers and employees directly involved in this case whose access to the information is reasonably

> required to supervise, manage, or participate in this case; (iv) a stenographer and videographer recording testimony concerning the information; (v) subject to the provisions of paragraph 4(d) of this Order, experts and consultants and their staff whom a party employs for purposes of this litigation only; and (vi) the Court and personnel assisting the Court.
>
> Absent written permission from the producer or further order by the Court, the recipient may not disclose Highly Confidential information to any person other than those identified in paragraph 4(b)(i), (iv), (v), and (vi).
>
> …
>
> No document may be filed under seal, i.e., closed to inspection by the public, except pursuant to a Court order that authorizes the sealing of the particular document, or portions thereof. All such requests must conform with Civil L.R. 79-5.

(Dkt. 68 ¶¶ 4(c)(d), 5.) Plaintiff does not seek to file her entire Motion under seal; rather, Plaintiff seeks only to redact deposition excerpts, quotes from documents produced by Defendant, and the exhibits containing the deposition transcripts and produced documents. (Dore Decl. ¶ 6.) The remainder of Plaintiff's Motion will remain unredacted. (Id.)

Moreover, Plaintiff's request is consistent with this District's policy that such requests are "the primary means by which the courts ensure full disclosure of relevant information, while still preserving the parties' (and third parties') legitimate expectation that confidential [information]…will not be publicly disseminated." *In re Adobe Sys., Inc., Sec. Litig.*, 141 F.R.D. 155, 161-62 (N.D. Cal. 1992) (citing *Johnson Controls, Inc. v. Phoenix Control Sys.*, 886 F.2d 1173, 1176 (9th Cir. 1989)). Thus, a court may order the sealing of records when they contain confidential or otherwise sensitive information. *See IMAX Corp. v. Cinema Tech, Inc.*, 152 F.3d 1161, 1168 (9th Cir. 1998) (noting that confidential and proprietary business information is "to be filed under seal."); *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 694 (9th Cir. 1993) (stating that it "is common now in business litigation" to seal confidential information).

For all of these reasons, good cause exists to grant Plaintiff's request to file certain portions of her Motion under seal and the instant motion should be granted in its entirety. Plaintiff has lodged with the Clerk of the Court both redacted and unredacted copies of the Motion and its exhibits, as well as a proposed order, pursuant to Civil L.R. 79-5(c).

1  **WHEREFORE**, Plaintiff respectfully requests that this Court enter an Order (i) granting
2  Plaintiff leave to file certain portions of her Motion to Extend the Discovery Cutoff under seal, and
3  (ii) providing such other and further relief as the Court deems reasonable and just.

Respectfully submitted,

**KIMBERLY YORDY**, individually and on behalf of all others similarly situated,

Dated: February 19, 2013       By: /s/  Christopher L. Dore
                                    One of Plaintiff's Attorneys

SEAN P. REIS (SBN 184044)
(sreis@edelson.com)
EDELSON MCGUIRE LLP
30021 Tomas Street, Suite 300
Rancho Santa Margarita, California 92688
Telephone: (949) 459-2124
Facsimile: (949) 459-2123

RAFEY S. BALABANIAN (Admitted *Pro Hac Vice*)
(rbalabanian@edelson.com)
CHRISTOPHER L. DORE (Admitted *Pro Hac Vice*)
(cdore@edelson.com)
BENJAMIN H. RICHMAN
(brichman@edelson.com)
EDELSON MCGUIRE LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Telephone: (312) 589-6370
Facsimile: (312) 589-6378

## CERTIFICATE OF SERVICE

I, Christopher L. Dore, an attorney, certify that on February 19, 2013, I served the above and foregoing ***Plaintiff's Administrative Motion to File Portions of Motion to Extend Discovery Cutoff Under Seal*** by causing true and accurate copies of such paper to be filed and transmitted to all counsel of record via the Court's CM/ECF electronic filing system.

/s/ Christopher L. Dore