IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KIMBERLY YORDY,

                Plaintiff,

v.

PLIMUS, INC.,

                Defendant.

No. C12-0229 TEH

ORDER DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

        This matter came before the Court on October 7, 2013, on Plaintiff's motion for class certification. Having considered the arguments of the parties and the papers submitted, the Court now DENIES Plaintiff's motion for the reasons set forth below.

**BACKGROUND**

        The incident giving rise to this complaint began with Plaintiff Kimberly Yordy ("Yordy") navigating to the website TheNovelNetwork.com, which she alleges promised unlimited downloads of bestselling eBooks for a one-time $49.99 fee. Yordy paid the fee through a payment processing page operated by Defendant Plimus, Inc. ("Plimus") and registered for membership to TheNovelNetwork.com. After registration, she discovered that the website did not offer the advertised eBooks for download and instead only had links to eBooks that were already available elsewhere on the internet for free.

1

Yordy alleges that TheNovelNetwork.com is one of nineteen such "Unlimited Download Websites" ("UDWs") [1] that utilized the same fraudulent advertising scheme of claiming to offer downloads of bestselling media titles for a one-time fee but instead linking only to content already available for free elsewhere on the internet or to content that violated copyright law. She alleges that Plimus controlled the advertising and promotion of all of these UDWs and profited from the scheme by taking a percentage of each one-time fee as a payment processing fee. As a result, she contends that Plimus violated California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500 *et seq.*, Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750 *et seq.*, and Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§17200 *et seq.* ("UCL"), and also committed fraud in the inducement, fraud by omission, negligent misrepresentation, and breach of contract. Her suit names only Plimus as a defendant and does not seek to recover from any of the individual UDWs.

Plimus denies Yordy's allegations. The company contends that it processed payments for the UDWs and connected the UDWs to third-party marketers, but that it was not involved in the design or implementation of the UDWs' marketing and advertising efforts.

Yordy now seeks to certify the following class: "All persons in the United States who paid a fee processed by Plimus to access any of the Unlimited Download Websites, excluding those Persons who have received a refund from Plimus for the full amount of their fee."

**LEGAL STANDARD**

Class certification is governed by Federal Rule of Civil Procedure 23. A party seeking class certification must demonstrate that it has met all the requirements of Rule

---

[1] Plaintiff identified only eighteen UDWs in her motion for class certification, and Plimus's counsel also referred to eighteen websites at oral argument. However, the record reflects that there are nineteen UDWs at issue. Plaintiff's Supp. Br. at 1-3.

2

23(a) and the requirements of at least one of the subsections within Rule 23(b). *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001). Rule 23(a) requires that a party demonstrate that:

>   (1) the class is so numerous that joinder of all members is impracticable,
>
>   (2) there are questions of law or fact common to the class,
>
>   (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and
>
>   (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a) (paragraph breaks added). While Rule 23(a) does not expressly require a class to be ascertainable, courts have read the rule to imply this additional requirement. *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 267 F.R.D. 291, 299 (N.D. Cal. 2010). A class is "ascertainable" if it can be described by a set of common characteristics sufficient to allow a member of that group to identify himself or herself as having a right to recover based on the class description. *Hanni v. Am. Airlines, Inc.,* No. C-08-00732 CW, 2010 WL 289297, at *9 (N.D. Cal. Jan. 15, 2010) (internal quotation marks omitted).

A party seeking certification must also demonstrate that the suit falls into one of the categories of class actions set out within Rule 23(b). Yordy seeks certification under both subsections (b)(2) and (b)(3). Subsection (b)(2) requires that the defendant acted or failed to act on grounds generally applicable to the proposed class, "so that final injunctive relief or corresponding declaratory relief is appropriate." Fed. R. Civ. P. 23(b)(2). Although damages are not explicitly prohibited by subsection (b)(2), the provision is intended to apply to classes seeking injunctive relief, not those seeking monetary damages. *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2557-58 (2011) (noting that Rule 23 (b)(2) "does not authorize class certification when each class member would be entitled to an individualized award of monetary damages[;] . . . individualized monetary claims belong in Rule 23(b)(3)"). Because Yordy also seeks monetary damages, she also requests certification under subsection (b)(3), which requires that "questions of law or fact common

1    to class members predominate over any questions affecting only individual members, and
2    that a class action is superior to other available methods for fairly and efficiently
3    adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).
4        The court must conduct a "rigorous analysis" to determine whether the party
5    seeking certification has met its burden of providing facts to support certification. *Zinser*,
6    253 F.3d at 1186. Generally, the court is not to consider the merits of a plaintiff's claims
7    at this stage, but it may do so where class "considerations . . . are enmeshed in the factual
8    and legal issues comprising the plaintiff's cause of action." *Dukes*, 131 S. Ct. at 2551-52
9    (quotation marks omitted).

**DISCUSSION**

The Court begins its analysis by considering whether Yordy has satisfied the requirements of Rule 23(a), including whether the putative class definition is ascertainable.

**I.    Ascertainability**

Plimus contends that Yordy's motion for class certification must be denied because the class is not ascertainable. A class definition is inadequate or "unascertainable" if a court must make a determination of the merits of the individual claims to determine whether a person is a member of the class. *Hanni*, 2010 WL 289297, at *9 (quotation marks omitted). For example, in *Hanni,* a case involving the impact of air travel delays on passengers, the plaintiff sought to certify a class of those who had not been reimbursed "reasonable" expenses as a result of "unreasonable" travel delays on a particular day. *Id.* at *2. The court found the class unascertainable because a person could not qualify for class membership until after an individual determination on whether his or her expenses were "reasonable." *Id.* at *8-*9. Similarly, the court in *Diacakis v. Comcast Corp*., No. C11-3002, 2012 WL 1878921, at *4 (N.D. Cal. May 3, 2013), found a class of cable purchasers in a false advertising case to be unascertainable because the plaintiff was given allegedly fraudulent information only after he called and spoke with one of defendant's

1  representatives, and there was no evidence that every cable purchaser would have called
2  and received the same information.
3    Plimus argues that, as in *Diacakis*, Yordy's putative class cannot be ascertained
4  because the court would need to determine if each individual was exposed to allegedly
5  false advertising before he or she could join the class. However, the facts of this case are
6  materially distinguishable. The alleged misrepresentations here were not communicated
7  only to select individuals, but to the public at large on the face of the UDWs. For example,
8  the screenshots of the UDWs submitted by Yordy reflect the following statements and
9  others similar to them: "Members have unlimited access, no restrictions," and
10 "MILLIONS of titles available!" Richman Decl. Ex. 17, at 29, 31. The websites included
11 images of popular media titles such as *Lord of the Rings* and the *Da Vinci Code*, neither of
12 which Yordy contends was actually available. *Id.* at 4, 29. All putative class members
13 were exposed to such allegedly false advertising because they would have had to access
14 one of the nineteen identified UDWs to pay the membership fee. Thus, no individualized
15 inquiry is required to determine class membership, and the class is ascertainable as
16 defined.

17

18 **II.  Numerosity**

19   To satisfy Rule 23(a)(1)'s numerosity requirement, Yordy must show that "the class
20 is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1).
21 Based on documents filed under seal, Yordy asserts that Plimus processed numerous
22 transactions for the nineteen UDWs at issue. Plimus does not dispute this or that joinder
23 would be impracticable. Although Yordy has not identified the number of individuals
24 corresponding to the number of transactions, based on the volume of transactions,
25 numerosity is satisfied.
26 //
27 //
28 //

### III. Commonality

To satisfy Rule 23(a)(2)'s commonality requirement, Yordy's "claims must depend upon a common contention" that is "of such a nature that it is capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Dukes*, 131 S. Ct. at 2551.

Yordy argues that two common questions are central to her suit: (1) whether Plimus is liable for facilitating and promoting the UDWs, and (2) whether Plimus had knowledge of the fraudulent nature of the UDWs. For class certification, however, the simple raising of common "questions" is not enough; rather, Yordy must demonstrate "the capacity of a classwide proceeding to generate common *answers*." *Id.* at 2551 (emphasis added). Yordy has failed to do so here. Even after this Court requested supplemental briefing from Yordy to identify each of the alleged misrepresentations on each UDW and evidence linking Plimus to advertising for each UDW, Yordy identified evidence of communications between Plimus and only one UDW at issue: MyPadMedia.com. Richman Decl., Ex. 7. Moreover, neither screenshots of Plimus's "Marketplace" website, Richman Decl., Ex. 6, which connects third-party marketers to vendors such as the UDWs, nor excerpts of consumer complaints Plimus received about the various UDWs, Richman Decl., Ex. 40, demonstrate that Plimus was involved in any way with advertising or promoting the UDWs.

Although Plimus's involvement in the UDWs' advertising goes to the merits, the Court must consider it at this stage in order to evaluate whether Plimus's liability with respect to all UDWs can be assessed in a common manner. While Yordy need not *prove* Plimus's involvement with all the UDWs' misrepresentations at this stage, she must present sufficient evidence to satisfy the Court that the putative class has common claims. Here, the record contains no hint of commonality between Plimus's relationships with each of the UDWs, and Yordy has therefore failed to satisfy the requirements of Rule 23(a)(2).

## IV. Typicality

Under Rule 23(a)(3)'s permissive standard, "representative claims are typical if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998) (quotation marks omitted). Typicality is generally satisfied when "each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Rodriguez v. Hayes*, 591 F.3d 1105, 1124 (9th Cir. 2010). Yordy alleges that all nineteen UDWs claimed to offer media content that was in reality not available. She thus argues that typicality is satisfied because she was exposed to substantially the same misrepresentations as class members who purchased memberships to other UDWs.

As Plimus correctly points out, however, Yordy fails to demonstrate that Plimus's involvement in the particular UDW she visited, TheNovelNetwork.com, was similar to its involvement with all – or even any – of the eighteen UDWs that she did not visit. Although the misrepresentations at each UDW may have been similar, there is no evidence that Plimus's conduct in bringing about each of those misrepresentations was similar such that Yordy's claim against Plimus would be similar to class members who visited other UDWs. In *Wiener v. Dannon Co., Inc.*, 255 F.R.D. 658, 663-64 (C.D. Cal. 2009), the plaintiff sought to certify a class of purchasers of several Dannon yogurt product lines she claimed did not actually provide the health benefits advertised. Plaintiff had only purchased one of the yogurt products at issue. *Id.* at 663. The various product lines advertised different health benefits, which were supported by different health studies. *Id.* at 666. Therefore, the court found that plaintiff's claim with respect to one yogurt product was atypical of the putative class of purchasers of different yogurt lines. *Id.* As in *Wiener*, Yordy here fails to demonstrate that all of the UDW advertising was directed by Plimus in a similar manner such that her alleged dealing with Plimus via one UDW could be considered typical of absent class members' experience with the other UDWs.

7

The Court is cognizant of not reaching too far into the merits in requiring Yordy to prove Plimus's involvement in advertising, but, as with commonality, Yordy must at least establish that Plimus's involvement in each UDW was substantially similar such that Yordy's claims against Plimus relating to TheNovelNetwork.com are representative of the claims that would be asserted against Plimus by visitors to the other UDWs. As Yordy has not done so, typicality is not satisfied.

## V.     Adequacy

Adequacy of representation relies on the resolution of two questions: Do the named plaintiffs and their counsel have any conflicts of interest with other class members, and will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class? *Hanlon,* 150 F.3d at 1020. Although Plimus does not explicitly dispute Yordy's adequacy as a representative, "a class representative must be part of the class and possess the same interest and suffer the same injury as the class members." *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 625-26 (1997) (internal quotation marks omitted). As Yordy has not demonstrated that she and the class members share common claims, and that her claims are typical of the claims of other class members, the Court is doubtful that she could adequately represent class member claims that are disparate from her own.

Since Yordy has failed to satisfy the Rule 23(a) requirements of commonality, typicality, and adequacy, the Court need not address whether Yordy satisfies the requirements of Rule 23(b)(2) and (b)(3). However, in brief, because Yordy has not established commonality under Rule 23(a), she has also failed to show that common questions predominate, as required by Rule 23(b)(3), or that Plimus's conduct was generally applicable to the class, as required by Rule 23(b)(2).

//
//
//
//

8

## CONCLUSION

For the reasons set forth above, Plaintiff has failed to satisfy the commonality, typicality, and adequacy requirements under Federal Rule of Civil Procedure 23(a). Accordingly, Plaintiff's motion for class certification is DENIED.

IT IS SO ORDERED.

Dated: 10/29/13

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT