UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KIMBERLY YORDY,

    Plaintiff,

v.

PLIMUS, INC.,

    Defendant.

Case No. 12-cv-00229-TEH

**ORDER LIFTING SUSPENSION OF PROCEEDINGS; GRANTING IN PART PARTIES' JOINT ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL; AND SETTING A HEARING DATE FOR PLAINTIFF'S RENEWED MOTION FOR CLASS CERTIFICATION**

On January 27, 2014, the parties came before the Court on an order to show cause why sanctions should not issue for their failure to comply with the Court's order requiring them to file a joint administrative motion to file documents under seal. After hearing the parties' explanations, the Court ordered that all activity in the case would be suspended until the parties' counsel submitted declarations stating, under penalty of perjury, that they had read the Federal Rules of Civil Procedure, the Civil Local Rules for the Northern District of California, along with the Court's Standing Order. On January 28, 2014, counsel for both parties submitted declarations stating that they had read all the relevant rules. Accordingly, the Court lifts the suspension on proceedings, but reserves ruling on the issue of sanctions pending parties' compliance with the applicable rules for the duration of the case.

The Court finds that there are two matters requiring a decision in this case. The first is the parties' joint administrative motion to seal documents, filed on January 13, 2014. In it, the parties request the sealing of Plaintiff's Exhibits 41 and 42, filed with her renewed motion for class certification. They argue that the exhibits describe a proprietary program unique to Defendant Plimus, Inc. ("Plimus") that qualifies as a trade secret. The Court agrees and orders that they be sealed. *See* Civil Local Rule 79-5 (permitting the

1 sealing of documents that qualify as trade secrets).

2     The parties also request the sealing of portions of Plaintiff's Exhibits 5, 44, and 46, insofar as they reveal financial information of third-parties not at issue in this litigation.  At the January 27, 2014 hearing, the Court questioned Plaintiff's need to submit these exhibits if they were irrelevant to the matters at issue in this litigation.  Plaintiff requested additional time to review those exhibits, which the Court granted.  On January 28, 2014, Plaintiff submitted a statement confirming that she still sought to submit Exhibits 5 and 44 under seal, but that she was withdrawing Exhibit 46 entirely.  In light of Plaintiff's statement, the Court does not consider the sealability of Exhibit 46 as it has been withdrawn.  As for Exhibits 5 and 44, the Court agrees that to the extent the documents reveal third-party financial information which Plimus is obligated to protect, those portions of the exhibits may be sealed.  Accordingly, by no later than Wednesday, February 5, 2014, Plaintiff is directed to file a revised renewed motion for class certification along with any accompanying exhibits, which comports with this order, and also reflects any withdrawn exhibits and withdrawn requests to seal as stated in the parties' joint administrative motion.

    The second matter before the court is Plaintiff's renewed motion for class certification, which will be fully briefed and properly before the Court upon Plaintiff's submission of a revised renewed motion.  The Court shall hold a hearing on the motion on **Monday, March 3, 2014 at 10:00 AM.**

**IT IS SO ORDERED.**

Dated:   1/30/14     _____
    THELTON E. HENDERSON
    United States District Judge

2