UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY YORDY,<br><br>    Plaintiff,<br><br>    v.<br><br>PLIMUS, INC,<br><br>    Defendant. | Case No. 12-cv-00229-TEH<br><br>**ORDER DENYING CLASS CERTIFICATION** |

This matter came before the Court on March 3, 2014, on Plaintiff's renewed motion for class certification. Having considered the arguments of the parties and the papers submitted, the Court now DENIES Plaintiff's motion for the reasons set forth below.

**BACKGROUND**

The Court has already outlined the relevant background in its October 29, 2013 order denying Plaintiff's original motion for class certification. In brief, however, Plaintiff Kimberly Yordy ("Yordy") alleges that three Unlimited Download Websites, ("UDWs") purported to offer bestselling media titles for a one-time fee, but in fact only provided content which was already available for free or provided illegal content that violated copyright laws. Yordy claims that the fraudulent marketing scheme behind these three UDWs was developed, encouraged and promoted by Defendant Plimus, Inc. ("Plimus"). Plimus denies any involvement in advertising and marketing, and claims it only processed payments for the UDWs.

Yordy sues Plimus on behalf of herself and all others similarly situated for violations of California's False Advertising Law, California Business and Professions Code sections 17500 *et seq*. ("FAL"); Consumers Legal Remedies Act, California Civil Code sections 1750, *et seq*. ("CLRA"); and Unfair Competition Law, California Business and Professions Code sections 17200 *et seq*. ("UCL"); as well as fraud in the inducement,

1 fraud by omission, negligent misrepresentation, and breach of contract.

2 Yordy previously moved to certify a class of all those who paid to access a
3 collection of nineteen UDWs. The Court denied that motion finding that Plaintiff had
4 failed to meet Federal Rule of Civil Procedure Rule 23's requirements of commonality,
5 typicality, and adequacy. Plaintiff now moves to certify a much narrower class of only
6 three UDWs, MyPadMedia.com, TheNovelNetwork.com, and the ReadingSite.com, which
7 were all operated by a single company, MyPadMedia.

## LEGAL STANDARD

Federal Rule of Civil Procedure 23 governs class certification. Rule 23(a) requires that a party seeking certification demonstrate that:

(1) the class is so numerous that joinder of all members is impracticable,

(2) there are questions of law or fact common to the class,

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and

(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a) (paragraph breaks added).

While Rule 23(a) does not expressly require a class to be ascertainable, courts have read the rule to imply this additional requirement. *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 267 F.R.D. 291, 299 (N.D. Cal. 2010). A class is "ascertainable" if it can be described by a set of common characteristics sufficient to allow a member of that group to identify himself or herself as having a right to recover based on the class description. *Hanni v. Am. Airlines, Inc.,* No. C-08-00732 CW, 2010 WL 289297, at *9 (N.D. Cal. Jan. 15, 2010) (internal quotation marks omitted).

A party seeking certification must also demonstrate that the suit falls into one of the categories of class actions set out within Rule 23(b). *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001). Yordy seeks certification under both subsections

1  (b)(2) and (b)(3). Subsection (b)(2) requires that the defendant acted or failed to act on
2  grounds generally applicable to the proposed class, "so that final injunctive relief or
3  corresponding declaratory relief is appropriate." Fed. R. Civ. P. 23(b)(2). Subsection
4  (b)(3) requires that "questions of law or fact common to class members predominate over
5  any questions affecting only individual members, and that a class action is superior to
6  other available methods for fairly and efficiently adjudicating the controversy." Fed. R.
7  Civ. P. 23(b)(3).

To determine whether a party seeking certification has met its burden of providing facts to support certification, the court must conduct a "rigorous analysis." *Zinser*, 253 F.3d at 1186. Generally, the court is not to consider the merits of a plaintiff's claims at this stage, but it may do so where class "considerations . . . are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551-52 (2011) (quotation marks omitted).

**DISCUSSION**

Plimus does not dispute that Yordy meets Rule 23(a)'s numerosity requirement and its implied ascertainability requirement. The Court's analysis therefore focuses on the next Rule 23(a) requirement – commonality.

In order to satisfy commonality, a plaintiff's "claims must depend upon a common contention" that is "of such a nature that it is capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each of the claims in one stroke." *Dukes*, 131 S. Ct. at 2551. To support a finding of commonality, Yordy puts forth the following questions as common to the class and capable of being answered on a class-wide basis: (1) whether Plimus knew that the products offered by the UDWs were fraudulent, but failed to suspend the UDWs or demand changes; (2) whether Plimus is liable for facilitating and promoting the content of the UDWs; and (3) whether the class members suffered the same form of injury and are entitled to damages.

Plimus responds that even if these questions are capable of classwide determination, the answers to these questions have no bearing on the "validity of each of [Plaintiff's] claims" as required by *Dukes*, 131 S. Ct. at 255. Specifically, Plimus contends that the FAL, UCL, and CLRA all require that a defendant directly participate in the alleged unlawful activity, and that there is no vicarious liability under these statutes. Therefore, whether Plimus "facilitated" the UDWs or "knew" of their fraud does not resolve the question of its liability.

Under the UCL, a defendant's liability must be based on his "personal participation in the unlawful practices" and "unbridled control" over the unlawful practices; vicarious liability is insufficient. *Emery v. Visa Int'l Serv. Ass'n*, 95 Cal. App. 4th 952, 960 (2002). In *Emery*, for example, the court found that defendant Visa had not personally participated in the alleged wrong of soliciting participation in a foreign lottery, when its logo was used in the solicitation, and it accepted and processed credit card payments for the lottery. In *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n,* the Ninth Circuit upheld the district court's dismissal of UCL claims against defendant Visa, holding that although Visa processed payments for websites that infringed copyrights, "[b]ecause 'Visa itself played no part in preparing or sending any 'statement' that might be construed as untrue or misleading under the unfair business practices statutes,' it could not be liable for unfair competition." 494 F.3d 788, 808-09 (9th Cir. 2007) (quoting *Emery*, 95 Cal. App. 4th at 964).

Likewise, for an FAL claim, mere knowledge of the falsity of a third-party's statements is insufficient to support direct liability or an aiding-and-abetting theory of liability, and the FAL includes "no duty to investigate the truth of statements made by others." *Emery,* 95 Cal. App. 4th at 964; *see also Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 809 (9th Cir. 2007). In *In re Jamster*, plaintiffs claimed that Defendant T-Mobile violated the UCL, FAL, and CLRA because it "knew of complaints concerning deceptive advertising undertaken by" third-party Jamster to lure customers into a subscription service, but continued to charge those who were fraudulently induced to subscribe to Jamster's services. *In re Jamster Mktg. Litig.*, No. MDL 1751, 2009 WL

1456632, at \*8-9 (S.D. Cal. May 22, 2009). The court dismissed the plaintiffs' claims, concluding "that T-Mobile knew of complaints concerning deceptive marketing [was] insufficient to show that [it] controlled, participated, approved, marketed or otherwise adopted [Jamster's] advertising practices." *In re Jamster Mktg. Litig.*, 2009 WL 1456632, at \*8. Similarly, many courts have held that CLRA liability also requires "personal participation" and "unbridled control." *See In re Jamster Mktg. Litig.*, No. MDL 1751, 2009 WL 1456632, at \*9; *see also, Dorfman v. Nutramax Labs., Inc.*, No. 13-CV-0873, 2013 WL 5353043, at \*14 (S.D. Cal. Sept. 23, 2013) (holding that defendant Rite-Aid's creation of deceptive packaging and repetition of false statements on their own website constituted personal participation in the false statements to support a CLRA claim).

Based on the legal standards applicable to Yordy's UCL, FAL, and CLRA claims, Yordy's proposed common questions regarding Plimus's "facilitation" of, "promotion" of, and "knowledge" of the UDWs are not central to Plimus's liability. *See Dukes*, 131 S. Ct. at 255 (explaining that for a discrimination claim, reciting questions that are unrelated to liability such as "Do all of us plaintiffs indeed work for Wal–Mart? Do our managers have discretion over pay? Is that an unlawful employment practice? What remedies should we get?" is "insufficient to obtain class certification"). Yordy's proposed common questions also do not resolve Plimus's liability on Yordy's common law claims. Common law fraud also requires more than mere knowledge of falsity or general facilitation. *See Lazar v. Super. Ct.*, 12 Cal. 4th 631, 638 (1996) (describing the elements of common law fraud as (a) a misrepresentation (false representation, concealment, or nondisclosure); (b) scienter or knowledge of its falsity; (c) intent to induce reliance; (d) justifiable reliance; and (e) resulting damage). Thus, whether Plimus facilitated the websites' activity, or promoted them to other marketers, or had knowledge of their fraud does not determine whether Plimus is liable for the violations Yordy alleges. These questions are therefore "insufficient to obtain class certification." *Dukes*, 131 S. Ct. at 255.

//

//

1  Looking beyond Yordy's proposed common questions, the Court also considers the
2 evidence Yordy offers to see if it may support certification. The Court is careful not to
3 delve into the merits of the claims at issue here, and is mindful of the Supreme Court's
4 warning that "[m]erits questions may be considered to the extent—but only to the extent—
5 that they are relevant to determining whether the Rule 23 prerequisites for class
6 certification are satisfied." *Amgen Inc. v. Connecticut Ret. Plans & Trust Funds*, 133 S.
7 Ct. 1184, 1195 (2013). Adhering to that limitation, the Court concludes that Yordy offers
8 no evidence that Plimus operated in similar manner with respect to all three websites such
9 that its liability can be assessed as to all three websites together. Yordy only offers that
10 Plimus assigned MyPadMedia an account manager, Pl's Ex. 30, and that it reformatted the
11 payment processing pages of MyPadMedia's three websites, Pl's Ex. 31. Reformatting the
12 payment processing pages of the UDWs, however, does not reflect how Plimus was
13 involved in the advertising content of any of the UDWs on a common basis. Similarly, the
14 assignment of a single account manager for MyPadMedia does not support Plimus's class-
15 wide involvement with advertising and promotions. Finally, Yordy's claim that Plimus
16 changed the content of MyPadMedia's offer e-mails is belied by the record, which plainly
17 describes the e-mails in question as "thank you" e-mails, sent to persons who had already
18 purchased access to websites, not offer e-mails intended to solicit purchases. Pl.'s Ex. 31.
19 As with Yordy's previous motion for class certification, there is no evidence that Plimus's
20 involvement with the allegedly false advertising – the crux of the claims at issue here – is
21 common across the UDWs.
22  As Yordy has failed to establish that there is a common contention that "is central to
23 the validity of each of the claims" and that can be resolved across the class, she has failed
24 to establish Rule 23(a)'s commonality requirement. *See Dukes*, 131 S. Ct. at 2551.
25 Because commonality has not been met, the Court refrains from discussing Rule 23(a)'s
26 other requirements of typicality and adequacy or Rule 23(b)'s requirements.
27 //
28 //

**CONCLUSION**

For the foregoing reasons, Plaintiff's renewed motion for class certification is DENIED.

**IT IS SO ORDERED.**

Dated: 4/15/14

_____
THELTON E. HENDERSON
United States District Judge